Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ANDREW DENNIS McGREW,                         )                  No. 08-04-00303-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  143rd District Court
)
THE STATE OF TEXAS,                                   )                  of Ward County, Texas
)
                                    Appellee.                          )                 (TC# 04-05-04643-CRW)

MEMORANDUM OPINION

            Andrew Dennis McGrew attempts to appeal a conviction for robbery. Finding that Appellant
has no right of appeal, we dismiss the appeal.
            Rule 25.2(a)(2) governs the defendant’s right to appeal in a criminal case:
 
A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant’s right of appeal in every case in which it enters a judgment of guilt or
other appealable order.


 In a plea bargain case--that is, a case in which defendant’s
plea is guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:
 
(A) those matters that were raised by written motion filed and ruled
on before trial, or
 
(B) after getting the trial court’s permission to appeal.

Tex.R.App.P. 25.2(a)(2).

            The Court has been provided with the trial court’s certification of the defendant’s right to
appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court’s certification reflects that the
appeal “is in a plea-bargain case, and the defendant has NO right of appeal.” The court’s
certification further reflects that Appellant waived his right to appeal. Further, the trial court denied
permission to appeal by written order because Appellant had previously waived his right to appeal
and counsel had represented to the court that the waiver was made knowingly and with knowledge
of the consequences. 
            On October 27, 2004, the Clerk’s Office notified Appellant’s counsel that the certification
reflects that Appellant has no right of appeal in this case and requested a response. In his response,
Appellant’s counsel states that Appellant desires to appeal “jurisdictional issues...such as the
voluntariness of his plea.” He also notes that “language was added to his waiver form regarding the
consecutive nature of sentence.” It is unclear what counsel means, but we have reviewed the waiver
form and do not find the referenced language. Given Appellant’s waiver of his right to appeal and
the trial court’s denial of permission to appeal, we conclude Appellant does not have a right to
appeal. The appeal is dismissed.

January 13, 2005                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)